HON. JNO. L. M'ATEE,
HON. BAYARD T. HAINER,       ⎫
HON. BENJ. F. BURWELL,       ⎬ ASSOCIATE JUSTICES.
HON. CLINTON F. IRWIN,       ⎭

---

JOE M. KEITH v. THE TERRITORY OF OKLAHOMA.

(Filed June 15, 1899.)

1. INDICTMENT—*Motion to Quash—Sufficiency of.* A motion to quash the indictment is a criminal cause, made upon oath, and stating matter which might, if properly presented, be adequate, if no prayer is contained therein for an order to examine witnesses, no provision made for preserving the testimony, and no notice given to the county attorney, does not present such proof as would justify an order to set aside the indictment, and presents no ground for relief, under section 5110, Statutes 1893, as amended by section 19, ch. 41, Session Laws 1895.

2. SAME—*Recitals—Grand Jury.* The declaration in an indictment that the grand jurors have been "duly summoned, impaneled, and

sworn," is sufficient to show, on the face of the indictment, that they were the lawful jurors, duly qualified to serve as grand jurors in the district court for Logan county, the court in which the indictment was presented; but, if these recitations were omitted, the indictment would not be defective for that reason. (*Jones v. Territory*, 4 Okla. 45, followed.)

3. GRAND JURY.—*Indictment—Averment.* The averment of the indictment that the grand jury has been "duly summoned" means no less than that it has been properly summoned, and in a lawful manner, and for all lawful purposes at that step in the administration of the law.

4. SAME—*Qualifications of.* It has been definitely settled that when it is added in an indictment that the jurors were duly summoned and impaneled and sworn in and for the body of the county, the fact that they were of the county for which they were sworn is made to appear with sufficient certainty.

5. CRIMINAL LAW—*Larceny—Jurisdiction.* Under section 4943, Statutes 1893, which provides that "when property taken in one county, by * * larceny * * has been brought into another, the jurisdiction of the offense is in either county," it is not necessary that the indictment should show that the larceny had occurred in another county, and that the property was brought into the one in which the indictment was found, and no notice in the indictment is required of these facts.

6. LARCENY—*Value of Property Stolen—Evidence.* The testimony in this cause upon the question of value of the stolen property was sufficient to justify the finding of the jury that the value of the property was in excess of $20.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, District Judge.*

*John D. DeBois* and *G. W. Buckner,* for plaintiff in error.

*Harper S. Cunningham, Attorney General,* and *J. C. Strang,* for defendant in error.

Joe M. Keith was convicted of theft, and brings error. An indictment was returned charging the defendant

Joe M. Keith, with the theft of a watch and certain money, the property of Hildebrand. The appellant filed his motion to quash the indictment for the reasons that (1) it was not found, presented, and filed by the grand jury as required by law, and (2) that it was entirely based upon hearsay testimony, to the exclusion of legal or competent testimony. Affirmed.

Opinion of the court by

McATEE, J.: It was in the first place contended that since the grand jury can receive none but legal evidence, and the best evidence in degree, to the exclusion of hearsay and secondary evidence (section 5050, Statutes of 1893,) and since the Statutes of 1893 have been amended by the Session Laws of 1895 (ch. 41, sec. 19,) which provides: "That section 5110 be amended to read as follows: 'Section 5110. The indictment must be set aside by the court, in which the defendant is arraigned, and upon his motion in either of the following cases: First, when it is not found, indorsed, presented or filed, as prescribed by the Statutes of the Territory.'" * * and since the names of three witnesses only were indorsed upon the indictment and the testimony of these witnesses, as introduced at the trial of the cause, was insufficient to show the commission of the offense charged in the indictment—that the court had erred in overruling the motion.

The motion to quash, upon which the plaintiff in error relies, avers: "That said indictment was not found, presented, indorsed, and returned as required by law, in this, to wit, that the grand jury which found said indictment did not consider, hear, or have before it any competent or legal evidence upon which to make said

return or base said indictment, but that all the evidence heard by said grand jury upon the investigation of said cause was illegal, incompetent, and hearsay evidence or testimony;" and "that said S. C. Montgomery, Al Hixon, and John Selstrom were the only witnesses examined by said grand jury upon the investigation of said cause, and that neither of said persons had any actual or personal knowledge of any offense having been committed, and all they knew, if anything, was hearsay." The motion was sworn to. It does not conform to the statute, since it is provided in section 5110 (sec. 19, ch. 41, Session Laws 1895,) the statute upon which the plaintiff in error relies for relief, that: "To enable the defendant to make proof of the matter set up as grounds for setting aside the indictment the defendant may file his application before any court of record in the county, setting out and alleging that he in indicted in the district court, naming it, and setting out a copy of his motion to set aside the indictment, and alleging, all under oath, that he is acting in good faith, and praying for an order to examine witnesses in support thereof;" and "the court shall thereupon issue subpoenas to compel any or all witnesses desired to appear before him at the time named, and shall compel the witnesses to testify fully in regard to the matter and reduce the examination to writing, and certify to the same, and it may be used to support the motion. The mover shall pay the costs of the proceeding. He shall notify the county attorney, at least two clear days before he proceeds, of the time and place of taking such testimony, and the county attorney may be present and cross-examine the witnesses, and if need be the case in the district court must be adjourned for that purpose."

The plaintiff in error failed to pursue the method provided in the statute. He made no prayer for an order to examine witnesses, no provision for preserving the testimony, and gave no notice to the county attorney, as is provided by the statute, and is not entitled to the relief which he sought upon his motion. Nor is he entitled to the benefit of his objection to the indictment, because of its insufficiency upon its face. The commencement of the indictment is that: "The grand jurors, duly summoned, chosen, impaneled, sworn, and charged at the February term aforesaid, of said district court, within and for the body of Logan county," etc. The objection is that the indictment fails to aver that the grand jurors were the grand jurors of Logan county, and that it cannot be ascertained therefrom from whence the jury came, of whom it was composed, or how many persons participated in the finding or presentment thereof. We presume that the declaration that the grand jurors have been "duly summoned," etc., is sufficient to show on the face of the indictment that they were the lawful jurors, duly qualified to serve as grand jurors in the district court for Logan county, since the declaration that the grand jury has been "duly" summoned can mean no less than that it had been summoned properly, and for all lawful purposes, and in the manner required at that step in the administration of the law. But it has been definitely settled that when it is added that the jurors were impaneled and sworn in and for the body of the county, the fact that they were of the county for which they were sworn is made to appear with sufficient certainty. (10 Enc. Pl. & Prac. p. 428, citing *Lawson v. State*, 20 Ala. 65, *Wise v. State*, 2 Kan. 419, and many others.)

It is argued in the third place, that the evidence shows that the offense charged in the indictment was not committed in Logan county, but was either committed at Oklahoma City or between that point and Purcell, Indian Territory, and that the evidence therefore did not sustain the jurisdiction of the court. The evidence does show that on the 24th day of July, 1897, at the time the watch and money were stolen, the plaintiff in error had access to the car and closet from which they were stolen, and that he was the first person to disclose the fact that the closet in which the property was had been broken open; and that there was evidence in the case to show that about the last of July or the first of August, 1897, the defendant took the watch into the store of one John Selstrom, in Guthrie, Logan county, and pawned it to him for a loan of two dollars. While the act of taking was not, therefore, committed in Logan county, it was shown by the testimony to have been shortly afterwards brought into Logan conuty, and was, so far as the testimony discloses, first seen there in the possession of the defendant. While the testimony does not go directly to the point that the watch had been brought into the county of Logan by the defendant, or that it had been brought in at all, the facts which were shown in the evidence were sufficient proof that the watch was "brought into the county of Logan;" and under section 4943 of the Statutes of 1893 it is provided that: "When property taken in one county by * * larceny * * has been brought into another, the jurisdiction of the offense is in either county." It has been uniformly held in similar cases that it is not necessary that the indictment should show that the larceny had occurred in another county,

and that the property had been brought into the one in which the indictment was found; and that no notice in the indictment is required by law of these facts, since each instant that the stolen property continues in the possession of the thief the trespass amounts to a new offense; and that the crime is considered as having actually been committed in the county where the offender is found with the goods; and that the law will adjudge that the offense has, in truth, been committed there,— that is, in the county into which the stolen property has been brought. (*Haskins v. People*, 16 N. Y. 344; *Com. v. De Witt*, 10 Mass. 154; *Com. v. Rand*, 7 Metc. [Mass.] 475.)

And this view of the law in consistent with the provision of section 10 of the Organic Act that "all offenses committed in said Territory, if committed within any organized county, shall be prosecuted and tried within said county."

It is further contended by the plaintiff in error that the evidence was insufficient to support the charge of the indictment which was the charge of grand larceny, and the verdict of the jury that the defendant was guilty of the charge, since section 2374 of the Statutes of 1893 provides that grand larceny is committed "when the property taken is of value exceeding twenty dollars." The testimony of C. L. Irvin, to whom the watch belonged, and from whom it was stolen, was, in reply to the question, "Give us your best judgment as to its value on that occasion," that "I do not think it was hurt any, and the watch cost thirty-five dollars." And in reply to an inquiry made of C. W. White, a jeweler examined as an expert, he testified that a "watch like this will retail from twenty to twenty-five dollars," and that "last July (July, 1897,) twenty dollars would be the lowest

that it could be retailed at." This is testimony reasonably tending to support the charge, and to show the value of the watch stolen, and it was no error for the court to refuse to set aside the finding of the jury upon that account.

It is provided in section 5274 of the Statutes of Oklahoma of 1893, that "after a plea or verdict of guilty * * the court must appoint a time for pronouncing judgment." And by section 5275 that "the time appointed must be at least two days after the verdict, if the court intend to remain in session so long; or, if not, at as remote a time as can reasonably be allowed." The verdict was rendered on the 17th day of March, 1898; judgment and sentence were pronounced on the 18th day of March, 1898; and it is contended that the sentencing of the defendant before the expiration of two days from the time of the rendition of the verdict was error. It does not appear in the record in any manner whether or not the court intended to remain in session longer than the 18th day of March, 1898, and, in the absence of any such showing, it will be presumed that the court acted in conformity with the law, and that, inasmuch as two days had not expired after the rendition of the verdict and before sentence, the time was as remote as could reasonably be allowed, and that the court complied with the law as nearly as the time remaining of the session permitted.

No other points are raised in the discussion in such a manner as to require attention. The judgment will be affirmed, and the district court is hereby ordered and directed to enforce its judgment herein.

Burford, C. J., having presided in the court below, not sitting; all of the other Justices concurring.