EARL HOWARD v. STATE.

No. A-37.    Opinion Filed April 6, 1909.

(101 Pac. 131.)

1.    TRIAL—Time to Plead—Waiver of Continuance. When a defendant in a misdemeanor case fails to require time to plead before filing his challenge to the array of jurors, he waives his right to further time by filing such challenge.

2.    INDICTMENT AND INFORMATION—Amendment—When Allowed—Delay of Trial. An information may be amended in matter of substance or form at any time before the defendant pleads without leave of the court, and may be amended after plea on order of the court where the same can be done without material

prejudice to the rights of the defendant. No amendment shall cause any delay of the trial unless for good cause shown by affidavit; and it is not error for the trial court to require the trial to proceed unless the defendant by affidavit duly filed shows good cause for delay.

3. SENTENCE—Time of Entering. Defendant is not entitled, under section 5563, Wilson's Rev. & Ann. St. 1903, to two days after the rendition of a verdict of guilty against him before pronouncing sentence upon him, unless it appears affirmatively from the record that the court expected to and did remain in session that long after the rendition of such verdict. In the absence of such showing in the record, it will be presumed by the appellate court that the court below acted in conformity with the law, and, if two days had not expired after the rendition of the verdict and before sentence, the time was as remote as could reasonably be allowed, and the court complied with said statute as nearly as the time remaining of the session permitted.

(Syllabus by the Court.)

*Error from Grady County Court; N. M. Williams, Judge.*

Earl Howard was convicted of selling liquor, and brings error. Affirmed.

The plaintiff in error, who will for convenience be hereinafter referred to as the accused, was prosecuted on information in the county court of Grady county, charging him with the crime of furnishing intoxicating liquor to an unknown person. On the 4th day of May, 1908, the jury in this case returned a verdict against the accused, and the court entered a judgment upon the verdict, fixed the punishment to be a fine of $300 and confinement in the county jail of said county for a period of 60 days, to all of which the accused excepted, and in due time filed his motion for a new trial, setting forth the following grounds:

(1) The court erred in overruling the challenge to the array of jurors; (2) the verdict is contrary to the evidence; (3) the verdict is contrary to the law; (4) the court erred in refusing to instruct the jury to return a verdict of not guilty; (5) the court erred in each paragraph of instructions given to the jury over defendant's objection; (6) the court erred in refusing to give special instructions 1, 2, 3, 4, and 5, as requested by the accused; (7)

the court erred in permitting the state to introduce over defendant's objection the record of the conviction of the negro, Lee Liverpool; (8) the court erred in permitting evidence over defendant's objection; (9) the court erred in denying and overruling defendant's request for statutory time in which to plead; (10) the court erred in swearing the jury to try the issue involved in this case before any plea was entered by defendant, and proceeding to try defendant after the plea had been entered by the court in his behalf; (11) the court erred in permitting the county attorney to argue any testimony regarding the actions of the witness Harris; (12) the court erred in not sustaining defendant's peremptory challenge to two of the jurors; (13) the various errors of law occurring during the process of the trial; and (14) various errors of the court occurring during the progress of the trial to the defendant's prejudice.

This motion was overruled, to which the accused in due time excepted, and prosecutes error to this court to reverse the judgment of the court below. The petition in error sets forth 10 of the grounds contained in the motion for a new trial.

*F. E. Riddle,* for plaintiff in error.—

On question of defendant's right to time to plead after amendment of information: *Dansby v. U. S.* (Ind. T.) 61 S. W. 1083; Bishop's Crim. Proc. (3rd. Ed.) § 733; *Cain v. U. S.,* 162 U. S. 643; *State v. Hughes,* 1 Ala. 655; *Sartorious v. State,* 24 Miss. 602; *Parkkinson v. People,* 155 Ill. 401; *State v. Chenier,* 32 La. 103; *People v. Moody,* (Cal.) 10 Pac. 392; *Hatfield v. State* (Ind.) 36 N. E. 644.

*F. S. Caldwell,* for the state.

BAKER, JUDGE. (after stating the facts as above). Taking the assignments of error in the order made in the brief of the accused, we are first brought to a consideration of the first, third, fourth, and ninth assignments, which are grouped and treated together in the brief of the accused.

The accused contends that the filing of the amended information after the jury was sworn was prejudicial error; that the court

erred in denying the accused time in which to plead: that the court also erred in placing the accused upon trial before he pleaded or the court had entered a plea of not guilty for him; and that the court erred in allowing the introduction of testimony against the accused over his objection before a plea had been entered by him. The record discloses that the information was filed on April 18th; that some time between that date and the 8th day of May following (the record does not show the date) the accused filed a challenge to the array of jurors, which challenge was by the court overruled on the 8th day of May, 1908, and on the same day, and, so far as the record discloses, before the commencement of the trial, the accused, being arraigned and called upon to plead to the information, either stood mute or refused to plead, whereupon the court entered a plea of not guilty for him and proceeded to the taking of testimony, to which ruling the accused duly accepted. After the first witness took the stand, the accused objected to the introduction of any testimony on the part of the state, for the reason that a copy of the information had just been furnished him, and then requested 24 hours or "until to-day" in which to plead. Said request being refused, the accused duly excepted. This court is of the opinion that the accused in this case waived further time to plead after having first filed a challenge to the array of jurors.

This question is settled by the Supreme Court of the territory of Oklahoma in *Grant Stanley v. United States,* 1 Okla. 336, 33 Pac. 1025. In this case the court had under consideration section 5397, Wilson's Rev. & Ann. St. 1903 (then section 5543, St. 1890), and in construing said statute held:

"If a defendant fails to require time before moving to set aside the indictment and demurring thereto, he waives his right to further time, and it was too late to demand it after his motion to quash, demurrer, and plea in abatement had been overruled."

The record showing affirmatively that the accused filed a challenge to the array of the jurors, which being overruled he was called upon to plead and did not plead, and the court entered a plea of not guilty for him, he had waived his right to additional time,

the trial proceeded properly, and no error was committed to the prejudice of the accused.

Coming now to the point as to whether or not the jury was properly impaneled, will say this court has passed upon this question in the cases of *Price v. Territory of Oklahoma,* 1 Okla. Cr. 508, 99 Pac. 151, and in *Cavett v. Territory of Oklahoma,* 1 Okla. Cr. 493, 98 Pac. 890. It held that the provisions of the act providing for the selection of grand and petit jurors in this state was directory only. Therefore, in the absence of the record showing that the accused was prejudiced by the selection of incompetent and improper persons to sit as jurors in the case at bar or some improper conduct of the officers in selecting the jury to the prejudice of the accused, this court will not disturb a verdict rendered by an impartial jury, though their selection is not in all respects in conformity to the strict provisions of the statutes providing for the selection of grand and petit jurors. The challenge of the accused to the array of the jurors was therefore properly overruled.

In the eighth assignment of the accused he says that the Constitution of Oklahoma "requires the court to fix a specified time with in which to pass sentence upon any person for any crime," but does not point out the statutes. But no doubt counsel had in mind section 5562, Wilson's Rev. & Ann. St. Okla. 1903, which provides:

"After a plea or verdict of guilty, or after a verdict against the defendant on a plea of a former conviction or acquittal, if the judgment is not arrested or a new trial granted, the court must appoint a time for pronouncing judgment."

On the 9th day of May, within the statutory time, the accused filed his motion for a new trial. This motion came on for hearing May 12, 1908, and the record shows the following entry:

"Coming on the motion above set out (referring to motion for a new trial) and the court being fully advised in the premises overrules the same, and the defendant was fined $300.00 and costs and 60 days in the county jail. * * * The defendant stated that he desired to appeal to the Supreme Court and serve notice as required by the statute of the state of Oklahoma, which said request was allowed. * * *"

It therefore appears from the record that the accused did not except to the pronouncing of the sentence of the court at that time. Not having objected to the pronouncing of the sentence at the time it was so pronounced, and saving no exceptions to the action of the court in this connection, the accused may properly stand as having waived further time, and as having waived the fixing of a day at which time sentence should be passed upon him. The record does not disclose whether the court adjourned on the 12th day of May, or when in fact it did adjourn. Therefore this case comes within the rule laid down by the Supreme Court of the territory of Oklahoma in the case of *Keith v. Territory of Oklahoma,* 8 Okla. 307, 57 Pac. 834. Justice McAtee, writing for the court, in construing section 5274 of the Revised Statutes of Oklahoma of 1893, which reads the same as section 5562 hereinabove quoted says:

"It is provided in section 5274 of the Statutes of Oklahoma of 1893 that 'after a plea or verdict of guilty  *  *  *  the court must appoint a time for pronouncing judgment'; and by section 5275 that 'the time appointed must be at least two days after the verdict, if the court intends to remain in session so long; or, if not, at as remote a time as can reasonably be allowed.' The verdict was rendered on the 17th day of March, 1898, judgment and sentence were pronounced on the 18th day of March, 1898, and it is contended that the sentencing of the defendant before the expiration of two days from the time of the rendition of the verdict was error. It does not appear in the record in any manner whether or not the court intended to remain in session longer than the 18th day of March, 1898, and, in the absence of any such showing, it will be presumed that the court acted in conformity with the law, and that, inasmuch as two days had not expired after the rendition of the verdict and before sentence, the time was as remote as could reasonably be allowed, and that the court complied with the law as nearly as the time remaining of the session permitted."

The doctrine in the case of *Keith v. Territory of Oklahoma* is approved by this court.

The tenth assignment of error relates to the introduction of alleged incompetent, irrelevant and immaterial testimony over the objection and exception of the accused. We have carefully read

the entire record, and we find that no prejudicial error was committed in the introduction of the testimony objected to.

This brings us to the fifth and sixth assignments of error, which are directed to the charge as given by the court and the refusal by the court to give the instructions requested by the accused. It is urged by the accused that the court erred in instructing as follows:

"All of. the presumptions of law, independent of evidence, are in favor of innocence, and every person is presumed to be innocent until he is proven guilty. If upon which proof there is a reasonable doubt remaining, the accused is entitled to the benefit of it by an acquittal."

We think the instruction just quoted substantially states the law on reasonable doubt, and that it could not in the light of the whole charge have misled the jury to the prejudice of the accused.

The next instruction complained of is the instruction given on circumstantial evidence, the accused contending that the instruction does not state the law, and is misleading and ambiguous, and would tend to confuse the minds of the jury. The court charged on this subject as follows:

"The state in this case relies upon circumstantial evidence for a conviction at your hands. You are charged that, to warrant a conviction on circumstantial evidence, each fact necessary to a conclusion sought to be established must be consistent to each other and upon the main facts sought to be proved, and the circumstances taken together must be of a conclusive nature, leading on a whole to a satisfactory conclusion, and producing to a moral certainty and beyond a reasonable doubt that the accused committed the offense as charged, and it must exclude every reasonable hypothesis of his innocence."

We think said charge substantially states the law, and is favorable to the accused, and the accused therefore should not be heard to complain.

The accused also contends that the court erred in refusing instructions requested by him, reading as follows: Charge No. 1:

"Gentlemen of the Jury, you are instructed that in this case the evidence fails to show the defendant's connection with the crime charged in the information, and your verdict will be a verdict of not guilty."

This, as well as all of the other instructions requested by the accused, go to the sufficiency or insufficiency of the evidence, except the sixth instruction, which reads as follows:

"Under the law the defendant has a right or not to take the witness stand in his own behalf. It is a privilege he has, but he likewise has the right and privilege of remaining silent, and the fact that he did not testify shall not be taken into consideration by the jury, and the jury will not presume anything against the defendant by reason of the fact he did not testify."

This instruction was properly refused, because it had been given in identically the same words as shown in the second paragraph of the charge on page 45 of the record.

The other requested and refused charges involve the consideration of all the testimony in the case. We have read and carefully considered all the testimony, and it is shown from the testimony of George A. Brown that the accused was the proprietor of a place in Chickasha, known as the "Legal Tender," and that he had seen the accused there, sitting at the desk writing, also saw him in the back room of the place, had a talk with him about two weeks before the arrest in this case, at which time the accused said he was the owner of the place where the whisky and beer in this case was found; that Brown asked him to unlock two certain safes in the place, but accused refused, stating "he did not want his money exposed to everybody"; that on the day the arrest was made in this case Brown was accompanied by Mr. Whited and Deputy Sheriff Doss; that they all went into the back door of the place known as the Legal Tender, kept by the accused, placed Mr. Whited at the basement door while the witness went after the key; that, getting the key, they unlocked the door, and found 10 cases of whisky and four barrels of beer; that the name of the accused was on each of the cases of liquor and barrels of beer; that the witness had assisted in raiding the same place about two weeks before the arrest was

made in this case, at which time he saw two negro porters there, one named Harris, who was also there on the day of the arrest in this case, also saw a negro named, Lee Liverpool, the same Liverpool that was convicted in the county court of Grady county for unlawfully selling liquor at the Legal Tender place, the same place kept by the accused, and where the liquor in this case was found; that he was present when Liverpool was sentenced in said case, and saw the accused pay Liverpool's fine and costs in said case. M. B. Louthan, sheriff of Grady county, testified in substance that he has known the accused about 12 years, and that the accused is not the legal city agent for dispensing liquors at Chickasha in Grady county, or any other place in Grady county, and that the accused was not then a pharmacist nor was he engaged in the drug business, and was present when the accused was arrested in this case, and saw the 10 cases of liquor taken in this case, all marked with the name of the accused thereon.

While other witnesses testified to many immaterial facts in this case, we think the testimony adduced was in all respects ample to warrant the verdict. Therefore the charges requested by the accused and known as Nos. 1, 2, 3, 4, and 5, set forth at pages 45 and 47 of the record were each and all properly refused, and that the rights of the accused were not thereby prejudiced; that the trial of this case was in all respects fair and impartial to the accused; that, if there was an error in the introduction and exclusion of testimony, it was decided in favor of the accused. The instructions asked for by the accused, not being sustained or warranted by the evidence, were properly refused, and the instructions as given by the court fully and amply protected all his rights.

Therefore we are unable to find prejudicial error in this case, and judgment of the county court is affirmed, and the sheriff of Grady county is ordered to execute the sentence and judgment of said court without unnecessary delay.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.