## Josh McCord v. State.

No. A-40.   Opinion Filed April 6, 1909.

(101 Pac. 135.)

1. **TRIAL—Time to Plead—Waiver.**  When a defendant in a misdemeanor case fails to require time to plead before filing his challenge to the array of jurors, he waives his right to further time by filing such challenge.

2. **SENTENCE—Review—Presumption in Favor of Action of Lower Court.**  Defendant is not entitled under section 5563, Wilson's Rev. & Ann. St. 1903, to two days after the rendition of a verdict of guilty against him before pronouncing sentence upon him, unless it appears affirmatively from the record that the court expected to and did remain in session that long after the rendition of such verdict.  In the absence of such showing in the record, it will be presumed by the appellate court that the court below acted in conformity with the law, and, if two days had not expired after the rendition of the verdict and before sentence, the time was as remote as could reasonably be allowed, and the court complied with said statute as nearly as the time remaining of the session permitted.

3. **INDICTMENT AND INFORMATION — Amendment — Right to Postponement—Affidavit Showing Cause.**  An information may be amended in matter of substance or form at any time before the defendant pleads without leave of court, and may be amended after plea on order of the court where the same can be done without material prejudice to the rights of the defendant.  No amendment shall cause any delay of the trial unless for good cause shown by affidavit, and it is not error for the trial court to require the trial to proceed unless the defendant by affidavit duly filed shows good cause for delay.

(Syllabus by the Court.)

*Error from Grady County Court; N. M. Williams, Judge.*

Josh McCord was convicted of unlawfully selling intoxicating liquor, and he brings error.   Affirmed.

On the 9th day of December, 1907, there was filed in the county court of Grady county an information charging the plaintiff in error, who will hereinafter be referred to as the accused,

2 Cr.—14

with the unlawful sale of intoxicating liquor, to wit, whisky; that such unlawful sale was made on the 8th day of December, 1907, in quantities unknown and to parties unknown to the informant. On the 4th day of May, 1908, the county attorney, after first obtaining leave of court therefor, filed an amended information in said court charging said accused with furnishing intoxicating, liquor, to wit, whisky, to a person unknown. Upon the filing of the said amended information, the accused requested the statutory time within which to plead, which was refused, to which the accused excepted. On the 23d day of March, 1908, the case was upon the application of the accused continued in the court below to May 4, 1908, on which date this cause came on regularly to be heard. The jury was summoned and appeared, and the accused filed a challenge to the array of jurors, which challenge was by the court overruled, to which the accused excepted. Trial was thereupon had, which resulted in a verdict of guilty. The accused in due time filed his motion for a new trial, and the same was overruled, to which ruling he duly excepted. On the 7th day of May, 1908, the accused filed an amendment to his motion for a new trial, which was also overruled and excepted to by him, whereupon the court pronounced sentence, fixing the punishment at $300 fine and 30 days' confinement in the county jail, from which judgment the accused prosecutes error to this court.

F. E. Riddle, for plaintiff in error.

F. S. Caldwell, for the State.

BAKER, JUDGE. (after stating the facts as above). The petition in error alleges that the court erred in overruling the challenge of the accused to the array of jurors summoned; that the court erred in selecting and swearing the jury to try the issue involved before they had been made up for trial, and in entering a plea of not guilty for the accused after such jury had been sworn to try the case; that the court erred in permitting the county attorney on behalf of the defendant in error to introduce any evidence tending to show the accused guilty upon the amended in-

formation filed, and in refusing to allow the accused 24 hours or until the next day to plead to said information; that the court erred in permitting the county attorney to ask leading questions, suggesting the answers, and in introducing over the defendant's objection incompetent, irrelevant and immaterial testimony; that the court erred in its instructions and charge to the jury, as shown in paragraphs 2, 3, 7, and 8 of the charge; that the court erred in refusing to charge the jury peremptorily as requested in writing by the accused; that the court erred in refusing to give special instructions requested in writing by the accused; that the court erred in overruling the amended motion for a new trial; that the court erred in attempting to pass sentence upon the accused on the verdict of the jury for the reason of the many errors assigned herein, and the court also erred in not setting a special time to pronounce sentence.

Addressing our attention to the assignments of error as made in the brief by the plaintiff, we come, first, to the question: Did the court below err in overruling the challenge filed by the accused to the array of jurors? This question was passed upon in the case of *Howard, Plaintiff in Error, v. State of Oklahoma, ante,* p. 200, 101 Pac. 131, in which it is held that said challenge is not well taken and was properly overruled.

The second assignment alleges that the court erred in selecting and swearing the jury to try the issues in this case before they had been made up for trial by the entering of a plea of not guilty by the accused. The record does not disclose whether the court entered a plea of not guilty for the accused or whether he stood mute and refused to plead before or after the trial commenced. It will therefore be presumed by this court that the court below did that which the law required, and that the plea of not guilty was entered before the trial began. If so, the position of the accused in claiming that the court erred in this particular is not well taken, and all the authorities cited, though in most instances good law, do not apply to the case at bar. We think the statutes were

fully complied with, and the plea of not guilty was properly entered.

The third assignment of error complains of the action of the court below in permitting the state to introduce any evidence or testimony tending to show the guilt of the accused upon the amended information herein because the court refused to allow the accused 24 hours or until the next day to plead to said amended information.    Section 5307 of Wilson's Revised and Annotated Statutes of Oklahoma of 1903 reads as follows:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the rights of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

This assignment is readily disposed of, for the record discloses that the accused did not file an affidavit showing cause for delay. Therefore the court did not err in requiring the trial of this cause to proceed immediately after the filing of said amended information.

The fourth assignment of error is predicated upon the alleged error of the court in permitting counsel for the state to ask leading questions and suggesting the answers, and introducing over the objection of the accused incompetent, irrelevant, and immaterial testimony.    We have read every word of the evidence, and we fail to find that the court erred to the prejudice of the accused in the admission of evidence offered by the state.    In fact, the record is singularly free of objection on these grounds.    If the court erred at all in this connection, it was in favor of the accused.

In the fifth assignment the accused contends that the court erred in its instructions to the jury.    We have read the instructions carefully, and we think they are substantially in conformity to the facts and law of this case.    The accused urges that the court erred in refusing to give the following instruction requested by him:

"Gentlemen of the jury, you are instructed in this case that the court has wholly failed under the testimony to make out a case against said defendant as charged in the information, and your verdict shall be a verdict of acquittal."

From the testimony in this case the accused is not entitled to this instruction, for it is the opinion of this court that the evidence abundantly supports the verdict, and said instruction was properly refused.

Other instructions were requested by the accused and refused by the court. All these instructions involved a consideration of the evidence in this case. From the evidence we fail to find that the court committed error prejudicial to the rights of the accused in refusing to give the jury the instructions requested by the accused for the reason that the evidence does not authorize the same.

The ninth and last assignment of error is as follows:

"The court erred in attempting to pass sentence upon the plaintiff in error on the verdict of the jury for the reason of the many errors assigned herein, and erred in not setting a special time to pass sentence upon said plaintiff in error."

The verdict in this case was returned into court May 4, 1908. On the next day the accused filed a motion for a new trial. On the 7th day of May he filed his amended motion for a new trial. On the 12th day of May judgment on the verdict was rendered, and the accused sentenced, but no time was appointed by the court in advance at which sentence would be pronounced, as provided by section 5562, Wilson's Rev. & Ann. St., which is as follows:

"After a plea or verdict of guilty * * * if the judgment is not arrested or a new trial granted, the court must appoint a time for pronouncing judgment."

Section 5563 reads:

"The time appointed must be at least two days after the verdict, if the court intend to remain in session so long, or, if not, at as remote a time as can reasonably be allowed."

The record does not disclose when court intended to adjourn or did adjourn. It must therefore be presumed that the court gave

·the accused the benefit of all the time possible. This question is fully decided by the Supreme Court of the territory of Oklahoma in the case of *Keith v. Territory of Oklahoma,* 8 Okla. 307, 57 Pac. 834. In said case the court in construing the section just quoted says:

"The verdict was rendered on the 17th day of March, 1898, judgment and sentence were pronounced on the 18th day of March, 1898, and it is contended that the sentencing of the defendant before the expiration of two days from the time of the rendition of the verdict was error. It does not appear in the record in any manner whether or not ·the court intended to remain in session longer than the 18th day of March, 1898, and, in the absence of such showing, it will be presumed that the court acted in conformity with the law, and that, inasmuch as two days had not expired after the rendition of the verdict and before sentence, the time was as remote as could reasonably be allowed, and that the court complied with the law as nearly as the time remaining of the session permitted."

Not finding any reversible error in the record, the judgment of the court below is affirmed, and the sheriff of Grady county is directed to carry said judgment into execution without unnecessary delay.

FURMAN, Presiding Judge, and DOYLE, Judge, concur.