## WILLIAM SCHWEDES V. STATE.

No. 46.    Opinion Filed February 4, 1909.

INTOXICATING LIQUORS—Interstate Commerce. Under subdivision 3, sec. 8, art. 1, of the Constitution of the United States, commonly referred to as the "interstate commerce clause" of the Constitution, a resident of one state has the right to have shipped to him from another state alcoholic liquors, when ordered by him\for his and his family's use, and to keep the same for such use; and the state cannot, under its police power, enact laws so as to substantially hamper or burden such constitutional right to have such shipment made and to receive and retain the same for personal use.

(Syllabus by the Supreme Court )

*Error from County Court, Grant County; H. H. Rogers, Judge.*

*Sam P. Ridings,* for appellant.

*Fred S. Caldwell,* for the State.

BAKER, JUDGE. The record discloses the fact that there was involved in this case a construction of the clause in the United States Constitution, commonly known as the "Interstate Commerce clause". The law creating this court contains the following provisions:

"If in any cause appealed to the Criminal Court of Appeals, in which the construction of the Constitution of this state, or of the United States, or any act of Congress is brought in question, the said Criminal Court of Appeals shall certify to the Supreme Court of the state, the question involving the construction of the Constitution of this state, or of the United States, or any act of Congress, for the final determination of the question so certified. Thereupon all further proceedings in said cause in the Criminal Court of Appeals shall await the decision of the Supreme Court upon such question. Upon the final decision of such question by the Supreme Court, said Supreme Court shall certify its decision on such question to the Criminal Court of Appeals, and said decision of such question by the Supreme Court shall govern said Criminal Court of Appeals."

In conformity with this section of the statute, the constitutional question involved in this case was certified to the Supreme Court for its determination. In answer to this certificate we have received the following opinion of the Supreme Court:

On certificate from the Criminal Court of Appeals.

William Schwedes was convicted of conveying intoxicating liquor from one place in the state to another, such liquor not having been lawfully purchased as authorized by the Constitution of the state, and he brought error to the Criminal Court of Appeals which court certifies the question to the Supreme Court as involving the construction of Const., art. 1, § 9 (Bunn's Ed. § 499), prohibiting the shipment or conveyance of intoxicating liquoi from one place in a state to another, except the conveyance of a lawful purchase. Reversed.

This cause was certified from the Criminal Court of Appeals to this court, as involving the construction of that part of the Constitution of the state of Oklahoma which prohibits the shipment or conveyance of intoxicating liquors from one place in the state to another place therein, except the conveyance of a lawful purchase. Section 499 of Bunn's Edition of the Constitution (section 9, art. 1, of the Constitution; Gen. St. Ann. Okla., 1908, p. 76).

The plaintiff in error was convicted on the 30th day of December, 1907, in the county court of Grant county, in a prosecution by information which charged that he, the defendant in the trial court, did on the 20th day of December, 1907, in Grant county, unlawfully and willfully carry and convey certain intoxicating liquors, to wit, 12 quarts of whiskey, from one place in said state, to wit, the depot of the Chicago, Rock Island & Pacific Railway Company, in Pond Creek, in Grant county, to another place in said state, to wit, the livery barn of said Schwedes in Pond Creek, said liquor not having been lawfully purchased as authorized by the Constitution of the state of Oklahoma.

The defendant in said court asked for several instructions, which were refused by the court, in words and figures as follows, to wit:

"No. 7. If you find the liquor charged to have been carried by the defendant had just been imported by a common carrier, from some person in another state of this Union, and that the

same was imported for the personal use of the defendant, then the defendant had a right to receive and carry and convey the same to his own house or apartment, in the original package, for his personal use, as long as there was no intent on his part to sell or dispose of the same contrary to law, or to put the same to an unlawful use." "Refused: Exception to defendant. H. H. Rogers, county Judge."

"No. 8. If you find that the liquor which was charged to have been carried by the defendant was in the original package and the property of the defendant, and had been imported from another state or foreign country by a common carrier for his own personal use and consumption, and not for the purpose of sale, barter, or exchange, then you should find the defendant not guilty." "Refused: Exception to defendant. H. H. Rogers, County Judge."

"No. 10. You are instructed that if you find that the defendant did carry the intoxicating liquor charged in the information, and that the same was imported from a foreign state or country, for his own use and consumption and not for the purpose of barter, sale or exchange, then the defendant had a right to receive the same and carry it to his own apartments, in the original package that it was shipped in, so long as he did not convey same for any other use." "Refused: Exception to defendant. H. H. Rogers, County Judge."

These instructions were based upon the testimony of the defendant himself, which is substantially to the effect that he had gotten a box of liquor at the depot at Pond Creek, and had started to take it to his home, and whilst he was on his way thereto he was arrested by the sheriff of Grant county and taken to his livery barn, where the box was opened and the contents seized by the officer; that the liquor he was carrying was shipped to him by Stulz Bros., liquor dealers, at Kansas City, Mo., that said liquor was shipped to him by said Stulz Bros. in the pursuance of an agreement had with a salesman in the employ of said Stulz Bros., who stated to said ·defendant that he would send him something to drink Christmas; that he got the liquor for himself and family, for their own use, for a "Christmas drink," as said by the defendant.

The requested instructions on the part of the defendant in the trial presented the question of the right of a person to purchase in good faith for his own use, intoxicating liquors in a foreign or another state, and have same sent to him by express or other means of transportation, and whether the consignee might go to the express office or depot and receive the liquor so purchased and carry same to his residence for his use.

The refusal of the trial court to give the instructions requested is assigned as error in the Criminal Court of Appeals, and it was considered by that court that the construction of the Constitution is brought into question, and this proceeding is by virtue of the provisions of section 2, art. 1, c. 28, p. 291, of the Session Laws of Oklahoma, 1907-08 (section 2214, art. 12, Gen. St. Ann. Okla., 1908) certified to this court.

WILLIAMS, C. J. (after stating the facts as above). It is insisted by the plaintiff in error that the portion of the prohibition article which provides that "any person, * * * who shall ship, or in any other way, convey such liquors from one place within this state to another place therein, except the conveyance of a lawful purchase as herein authorized, shall be punished, * * *" is repugnant to the third clause of section 8, art. 1. of the Constitution of the United States, commonly referred to as the "interstate commerce clause" of the Constitution, wherein the power is delegated to the Congress of the United States to regulate commerce with foreign nations and among the several states and with the Indian tribes.

Under the provisions of said prohibition article, there is an attempt to prevent all persons from shipping, or in any way conveying, intoxicating liquors from one place within this state to another place therein, except a purchase from the state agency. On the part of the defendant in error, it is insisted that that portion of the act of Congress approved August 8, 1890, entitled "An act to limit the effect of the regulations of commerce between the several states and with foreign countries in certain cases," otherwise known as the "Wilson Act" (Act. Aug. 8, 1890, c. 728, 26

Stat. 313 [U. S. Comp. St. 1901, p. 3177]), permits the adopt-ion and enforcement of said provision in the prohibition article. It reads as follows:

"That all fermented, distilled, or other intoxicating liquors or liquids transported into any state or territory, or remaining therein for use, consumption, sale or storage therein, shall, upon arrival in such state or territory, be subject to the operation and effect of the law of such state or territory enacted in the exer-cise of its police powers, to the same extent and in the same manner as though such liquors or liquids had been produced in such state or territory, and shall not be exempt therefrom by reason of being introduced therein in original packages or other-wise."

In the case of *Vance v. Vandercook Company,* 170 U. S. 452, 18 Sup. Ct. 679, 42 L. Ed. 1100, Mr. Justice White, in de-livering the opinion of the court, said:

"But the right of persons in one state to ship liquor into another state to a resident for his own use is derived from the Constitution of the United States, and does not rest on the grant of the state law. Either the conditions attached by the state law unlawfully restrain the right, or they do not. If they do, * * * then they are void. If they do not, then there is no lawful ground of complaint on the subject. We are thus brought to examine whether the regulations imposed by the state law on the right of the residents of other states to ship into the state of South Carolina alcoholic liquor to the residents of that state, when ordered by them for their own use, are so onerous and burden-some in their nature as to substantially impair the right; that is, whether they so hamper and restrict the exercise of the right as to materially interfere with or, in effect, prevent its enjoyment."

The court further said, on page 456 of 170 U. S., page 681 of 18 Sup. Ct. (42 L. Ed. 1100):

"Conceding, without deciding, the power of the state, where it has placed the control of the sale of all liquor within the state in charge of its own officers, to provide an inspection of liquors shipped into a state by residents of other states for use by residents within the state, it is clear that such a law to be valid must not substantially hamper or burden the constitutional right on the one hand to make, and on the other to receive, such shipment."

In the case of *Heyman v. Southern Ry. Co.,* 203 U. S. 277,

27 Sup. Ct. 107, 51 L. Ed. 178, Mr. Justice White, in delivering the opinion of the court, said:

"And in this case we deal only with the power of the state to enforce its police regulations against goods of the character of those enumerated in the Wilson act, the subject of interstate commerce, before delivery. We must not be understood as in any way limiting or restricting the ruling made in *Vance v. Vandercook Co.,* * * * upholding the right of a citizen of one state to bring from another state into the state of his residence, and keep therein, for his personal use, the merchandise referred to in the Wilson act. In other words, as in the case at bar, delivery had not taken place when the seizures were made, and the control of the state over the goods had not attached. We are not called upon to consider whether, if the power of the state had attached by delivery, the state might not have levied upon the goods on the charge that they had not been *bona fide* brought into the state, and were not held by the consignees for their personal use, and therefore, were not within the ruling in *Vance v. Vandercook.* * * *"

The principle of law covered by the instructions was within the rule as announced by Mr. Justice White in *Vance v. Vandercook Co.,* and *Heyman v. Southern Railway Co., supra,* in construing said part of the Wilson Act and the interstate commerce clause of the Constitution.

It is not essential for the decision of this case that we pass upon the following questions: (1) After delivery has been made by the carrier to the consignee, under the laws in Oklahoma, can the state levy upon said goods on the charge that they have not been *bona fide* brought into the state, and held by the consignee for his personal use or that of his family? (2) Although such goods may not be brought into the state for the personal use of the consignee or his family, but for the purpose of sale, which is prohibited under the state law, can such consignee be prevented from receiving and transmitting the same to his home, place of business, or storage house? These questions are reserved.

The instructions are at all events sufficiently favorable to the state. It follows that the instructions numbered 7, 8, and 10,

requested by the defendant in the trial court,. should have been given.

All the Justices concur.

In compliance with the statute hereinbefore quoted, and as decided by the Supreme Court, this case is reversed and remanded.

FURMAN, Presiding Judge, and DOYLE, Judge, concur.