## C. E. MORELAND V. STATE.

No. 370. Opinion Filed April 10, 1909.

(101 Pac. 138.)

1. **INTOXICATING LIQUORS—Interstate Commerce—Right to Convey to Home.** Under subdivision 3, sec. 8, art. 1, Const. U. S., a resident of this state has a lawful right to order and receive a shipment of intoxicating liquors by interstate commerce from another state, and to convey the same from the depot at which the shipment may arrive in the original package to his home.

2. **SAME.** Where the undisputed facts are that defendant ordered the liquor from Louisville, Ky., and the same was shipped to Snyder, Okla., and was being taken by a drayman from the railroad depot to the home of defendant when seized by the peace officers without warrant under the prohibitory law, the charge being that said defendant was unlawfully in the possession of said liquors, it was the duty of the court to direct a verdict of acquittal, for the reason that the evidence was insufficient to show the commission of an offense.

(Syllabus by the Court.)

*Error from Kiowa County Court; J. W. Mansell, Judge.*

C. E. Moreland was convicted of having intoxicating liquors in his possession for sale, and brings error. Reversed.

The plaintiff in error, C. E. Moreland (hereinafter designated as defendant), was at the June term, 1908, of the county court of Kiowa county, convicted of the offense of having intoxicating liquor in his possession for an unlawful purpose. The information contained two counts, wherein the defendant and one Walter Davenport were jointly charged in the first count with having intoxicating liquor in their possession for an unlawful purpose, and in the second count with unlawfully conveying said intoxicating liquor. The case was tried to a jury and a verdict of not guilty returned as to the codefendant Davenport. Defendant Moreland was found guilty upon the first count and acquitted of the second.

Two witnesses testified on behalf of the prosecution, in substance, as follows: D. C. Griffin testified that he was the deputy sheriff of Kiowa county, residing at Snyder; that on the 11th day of April, 1908, he was at the Frisco freight depot in Snyder with one Frank Taylor, looking for whisky that was coming to Moreland, and found two barrels standing on the platform; that shortly afterwards he stopped the defendant about 100 yards from the depot on the road to Snyder, riding in defendant Davenport's hack, which was loaded with three barrels of whisky; that he took possession of said barrels and arrested the defendants; that, when opened, said barrels were found to contain about 100 pints of whisky each. The arrests and seizure was without any warrant or other process, said officer asserting his right to do so under the provisions of the prohibition law. Frank Taylor testified that he lived at Snyder and was deputy constable at that time, and that he assisted Deputy Sheriff Griffin to make the arrests and seizure, and that they then took the whisky to Mr. Griffin's house and unloaded it. Defendant testified on his own behalf, stating that about the 10th or 15th of March he ordered said whiskey from Louisville, Ky.; that he hired his codefendant, Davenport, to haul said whisky from the depot to his house; that said whisky was for his own use, and that he thought the "Billups Bill" was going into effect and he would not be able to get

whisky after that, so he gave a large order; that he was at the depot, and Davenport invited him to ride to his home. Defendant Davenport testified that he lived at Snyder and was a licensed drayman; that on said day he was hired by defendant Moreland to haul some freight for him from the Frisco depot to his house; that defendant Moreland was at the depot and he invited him to ride home with him; that after they had proceeded about 100 yards from the depot towards town, they were arrested, and the barrels seized by Deputy Sheriff Griffin.

The defendant filed his motion for a new trial, which was overruled. On the 16th day of June, 1908, the court proceeded to pass sentence, and sentenced him to pay a fine of $50 and costs, and that he be imprisoned in the county jail of Kiowa county for a period of 30 days. To all of this defendant excepted. Defendant duly served his notice of appeal on J. W. Mansell, county judge, and H. L. Standeven, county attorney of Kiowa county. On August 27, 1908, he perfected his appeal to the Supreme Court. Upon the organization of the Criminal Court of Appeals said cause was duly transferred, as by law provided. At the March term, 1909, said cause was submitted, and is now before this court for review.

*Thomas W. Connor,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

DOYLE, JUDGE. (after stating the facts as above). The petition sets forth numerous assignments of error which are argued in the brief. However, on the undisputed facts, it is unnecessary to notice but the one that "the court erred in refusing to direct the jury to return a verdict of not guilty against said defendant." The evidence conclusively shows that the whisky was ordered by defendant from Louisville, Ky., and from there shipped to him at Snyder, Okla. The question presented is identical with that in *Schwedes v. State,* 1 Okla. Cr. 245, 99 Pac. 804, *Houston Hudson v. State, ante,* p. 176, 101 Pac. 275, and *Josh McCord v. State, ante.* p. 209, 101 Pac. 135. In the opinion rendered in the Hudson Case this court held that the jurisdiction of the state does not

attach to an interstate shipment of intoxicating liquors until said shipment is received at its destination, and that the prohibition law of Oklahoma does not by express language or by implication abrogate or abridge the right to order and receive interstate shipments of intoxicating liquors, and that the language of said law precludes any other construction.

For the reasons therein stated, this cause must be reversed, and it is so ordered, and remanded with directions to the county court of Kiowa county to dismiss the case.

FURMAN, PRESIDING JUDGE, and BAKER, JUDGE, concur.