## C. D. COPPLER v. STATE.

No. A-8181. Oct. 30, 1931.
(4 Pac. [2d] 700.)

276

Paul R. Haunstein and Winfield Scott, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Alfalfa county of grand larceny, and was sentenced to serve a term of two years in the state penitentiary. The only contention made is that the evidence is insufficient to sustain the judgment. Defendant was charged with the larceny of 79 bushels of wheat of the value of $79, the property of one Frank Porter. The evidence differs from that in most larceny cases, in that the owner of the property at the time of the trial was mentally unbalanced and unable to attend the trial or to testify. The state was not able, therefore, to present direct and positive testimony of the ownership of the stolen property and the want of consent to its taking. The defendant did not take the stand and offered no testimony. He here insists that the essential elements of larceny are not proven because there is no direct proof of the corpus delicti. The state contends that all the elements of the crime, including the proof of ownership and want of consent, may be established by circumstantial evidence, and that they are established conclusively by the circumstances proven. The cases where circumstantial evidence is relied on to prove all the elements of the offense and including the facts forming

the basis of the offense, i. e., the corpus delicti, are not numerous. But in those cases where the question has been considered it has generally been held that the corpus delicti as well as the essential elements of the offense proper may be proven by circumstantial evidence.

Mr. Wharton in his work on Criminal Law (11th Ed.) vol. 2, § 1172, under the subject of Larceny, says:

"Ownership may be inferentially proved. It is not necessary however, to prove by the person whose property is charged to have been stolen that the property belonged to him; the testimony of other persons who know the fact is sufficient. And such ownership may be inferred from the circumstance of the case"—citing State v. Stanley, 48 Iowa, 221; State v. Cardelli, 19 Nev. 319, 10 Pac. 433, 436.

The latter case is well reasoned. The court said:

"Every criminal charge necessarily involves two distinct propositions: (1) That a criminal act has been committed; (2) that the guilt of such act attaches to the particular person charged with the commission of the offense. In cases of larceny it is, of course, essential for the prosecution to prove that the property was feloniously taken from the person named in the indictment as the owner. 'It must appear that the goods were stolen from the prosecutor; and if he, being a witness, cannot swear to the loss of the articles alleged to have been stolen from him, the prisoner must be acquitted.' 3 Greenl. Ev. § 161. In what manner may this proof be made? Must it always be direct and positive? Is it absolutely essential, in all cases, that the proof of the corpus delicti should be established independent of the other elements of the offense? While it is true that a person charged with the commission of a criminal offense is not called upon to answer the charge without satisfactory proof, upon the part of the prosecution, of the corpus delicti, yet it is not essential, in all cases, that there should be any direct evidence upon this point. * * * Bishop, after citing the

cases relied upon by appellant, concludes the section by saying: 'If we look at the matter as one of legal principle, we can hardly fail to be convinced that while the corpus delicti is a part of the case which should always receive careful attention, and no man should be convicted until it is in some way made clear that a crime has been committed, yet there can be no one kind of evidence to be always demanded in proof of this fact any more than any other. If the defendant should not be convicted when there has been no crime, so equally should he not be when he has not committed the crime, though somebody has; the one proposition is as important to be maintained as the other, yet neither should be put forward to exclude evidence which in reason ought to be convincing to the understanding of the jury.' * * *"

In Jackson v. State, 10 Okla. Cr. 525, 139 Pac. 324, this court held:

"The want of consent of the owner to the taking of his property alleged to have been stolen is an essential ingredient of the crime of larceny of domestic animals. The fact of nonconsent to the taking may be proven by facts and circumstances which sufficiently show that the property was feloniously taken."

In the body of the opinion, it is said:

"The third assignment is that the trial court erred in overruling the defendant's motion to direct a verdict of not guilty. Under this assignment it is contended that the evidence is insufficient to show nonconsent of the owner of the cattle to the taking. The precise question here presented was considered and the authorities reviewed in the case of Campbell George v. United States, 1 Okla. Cr. 307, 97 Pac. 1052, 100 Pac. 46. The opinion is in part as follows: 'In many, and perhaps most, cases to support a conviction, direct proof that the property was feloniously taken from the person named in the indictment as owner is necessary. Yet it is not essential in all cases that there should be any direct evidence upon this point. The application of the rule must always de-

pend upon the facts of the case. Appellate courts should carefully consider and guard against so construing the law that a proper rule of evidence would be perverted into a means of escape from the merited punishment of an offender. Circumstantial evidence may be resorted to for the purpose of proving the corpus delicti in the same way and to the same extent that it may be for the purpose of connecting the accused with the commission of the offense. * * * Mr. McClain says: "The corpus delicti need not be shown by direct evidence; that is, there need not necessarily be proof of loss of property by theft distinct from the fact showing that property found in the defendant's possession was wrongfully taken from the owner thereof. Proof of the act is not necessary where the circumstances can only be explained by a felonious act." 1 McClain on Criminal Law, § 612. Neither is it essential that the corpus delicti should be established by evidence independent of that which tends to connect the accused with its perpetration. The same evidence which tends to prove one may also tend to prove the other, so that the existence of the crime and the guilt of the defendant may stand together inseparable on one foundation of circumstantial evidence. * * * Mr. McClain, in discussing the question, says: "Where the question of want of consent of the owner becomes material, it is not necessary to prove such want of consent by the evidence of the owner himself. It may be shown by others having knowledge of the facts." 1 McClain on Criminal Law, p. 558.' "

See, also, Brown v. State, 9 Okla. Cr. 382, 132 Pac. 359; Frye et al. v State, 25 Okla. Cr. 273, 219 Pac. 722; 3 Greenl. Ev. §§ 30, 31; Burrill, Cir. Ev. 680, 734; Wills, Cir. Ev. 201; Reg. v. Burton, Dears, Cr. Cas. 282; Rex v. Burdett, 4 Barn. & Ald. 122; McCulloch v. State, 48 Ind. 112; Brown v. State, 1 Tex. App. 155; Roberts v. State, 61 Ala. 401; State v. Ah Chuey, 14 Nev. 92, 33 Am. Rep. 530.

The inquiry is next directed to the evidence to ascertain if it is sufficient to prove the ownership of the

property and want of consent. Briefly stated, the evidence discloses that at the time charged Frank Porter owned a quantity of wheat stored in a granary some distance from his residence. Porter, the owner of the wheat, and his brother were working on the farm, and at noon would drive to this granary and go from there to the home of Porter. November 25 they left everything clean about the granary. On the following day there was a quantity of wheat missing; several bushels of wheat were scattered about the ground; tracks showed where a truck had been loaded and had moved away, leaving a heavy back track. The two followed the truck to the highway. There was testimony that Porter, the owner of the wheat, at once called the sheriff who observed the condition of the granary and the ground about it. The sheriff trailed the truck from the granary to where it was stalled on a muddy highway some three or four miles distant. The truck was loaded with wheat which was of the same grade, appearance, and test as the wheat in the bin of Porter. The owner of the wheat and his brother were with the sheriff at the time he made his investigation. The truck was stalled because of a broken axle, and defendant on that morning was in the town of Lambert, while the truck was stalled, with the broken axle and a new axle in the back seat of his car. On this morning he also went to an automobile repair shop in Cherokee and told a mechanic he had a truck with a broken axle near Lambert, and asked the mechanic to take the new axle down and put it in the truck. That, after defendant left Lambert, the sheriff and a mechanic from Lambert followed him to Cherokee, and before the Cherokee mechanic left his garage they took possession of defendant's car and put the new axle in the truck. It was further shown that some time before this defendant had purchased this particular

truck with the same license tag from one Rounds and was in possession of it at the time; that the wheat on the truck was sold by the sheriff to a grain buyer at the town of Yewed, the purchase price paid to Porter, and no claim for the wheat or its proceeds was ever made by defendant. There are some other circumstances not recited. From these circumstances, could the jury have had any reasonable doubt that the wheat was taken from the granary of Porter without the knowledge and against the consent of the owner? It seems to us the evidence conclusively proved beyond a reasonable doubt that the wheat was the property of, and in the possession of, Porter, as alleged, that it was taken by defendant, and that the taking was larceny. Particularly is this conclusive in the face of the fact that no denial or explanation was made by defendant.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.