### WAYMON DOWELL v. STATE.

No. A-9898. Feb. 11, 1942.

(122 P. 2d 406.)

W. M. Hall, of Claremore, and Frank Hickman, of Tulsa, for defendant.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and D. M. Battenfield, Co. Atty., of Claremore, for the State.

BAREFOOT, P. J. Defendant, Waymon Dowell, was charged in the district court of Rogers county with the crime of falsely altering a public record with intent to defraud, was tried, convicted and found guilty by the jury and his punishment assessed at two and one-half years in the penitentiary, and he has appealed.

Defendant has assigned numerous errors for reversal of this case, but in his brief they are submitted under three assignments. They are:

"I. The evidence is insufficient to sustain the verdict and judgment, and the court erred in overruling defendant's demurrer to the evidence and motion to advise the jury to acquit the defendant.

"II. The court erred in not instructing the jury on all of the law in the case, and in failing to submit to the jury the question of defendant's guilt or innocence of a lesser but included offense.

"III. The trial court erred in overruling defendant's motion for new trial and motion in arrest of judgment."

The first assignment necessitates a brief review of the evidence. This charge was based upon Oklahoma Statutes 131, section 2531, O. S. A., Title 21, § 1572, which is as follows:

"Every person who, with intent to defraud, falsely alters, destroys, corrupts or falsifies:

"1. Any record of any will, codicil, conveyance or other instrument, the record of which is, by law, evidence; or,

"2. Any record of any judgment in a court of record, or any enrollment of any decree of a court of equity; or,

"3. The return of any officer, court or tribunal to any process of any court,·

"Is guilty of forgery in the second degree."

Defendant was charged with altering a warranty deed that had been filed and recorded in the office of the county clerk of Rogers county on the 28th day of March, 1938, and which was recorded in book 236 at page 312. This deed was executed by Mary Ella Davis and her husband, Evan L. Davis, in which they conveyed to "Grady W. Dowell, of Claremore, Rogers County, State of Oklahoma * * * the following described real property * * * to-wit: Lots Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14) and Fifteen (15), in Block 27, of the Bayless Addition to the City of Claremore, Rogers County, Oklahoma." This deed was dated March 21, 1938.

It is charged that defendant on or about the 18th day of January, 1939, "willfully, unlawfully, feloniously * * * falsely altered and changed" said above described deed by adding after the name "Grady W. Dowell" the word "Jr." and of erasing the words "of Claremore" so that the word "Jr." could be placed therein and the words "of Claremore" again written therein, thus changing the name of the grantee in said deed from "Grady W. Dowell" to "Grady W. Dowell, Jr.", who was the eight-year-old son of the defendant (Grady W. Dowell and Waymon Dowell are one and the same person). It was the contention of the state that this change was made for the purpose of defeating certain parties who through contract with defendant on July 21, 1938, had furnished labor and material in the amount of $1,469.25 for the purpose of building a house upon said premises. Evidence was offered by the state to substantiate this contention and revealed that the materials had been furnished, the house had been erected and suits had been filed in the district court for the foreclosure of liens thereon.

As to the fact that the defendant made the change in the record, the state offered evidence to show that defendant some days prior to January 18, 1939, was frequently seen in the office of the county clerk of Rogers county and that the books in question were on tables easily accessible to the defendant. That upon one of these occasions he had made inquiry of Clarice Stanberry, a deputy county clerk, with reference to the record which contained the deed above referred to, and that she had given him record book 236 and opened it at page 312, where the deed was recorded. That after he examined the same and left, she went to the record and examined it carefully to see whether a change had been made in the "grantee's" name in the deed. Her reason for doing

this was that sometime prior thereto defendant had spoken to her about changing this deed and offering her "a fine Christmas present" if she would do so. That she told him she would not change it unless directed by Mr. Oliver Hause, the county clerk, and she also told him it would not be changed unless all the parties were present and agreed thereto. The evidence also revealed that defendant had talked to Hugh Stanberry, the brother of Clarice Stanberry, and had inquired of him as to whether or not he would assist the defendant in getting his sister to make the change. He testified as follows:

"Q. Yes, tell that jury over there what he said to you and what you said to him. A. Well, he asked me if I could get the records changed down here, and I told him I would see, and he said if I could he would appreciate it and he would make it right."

W. M. Eaton, who was also a deputy in the county clerk's office, testified to defendant's appearance at the office at numerous times and of his examining the record before referred to. That he was present on two occasions on the day of January 18, 1939. That on the afternoon of this date he observed defendant examining record No. 236 and that there was a page protruding therefrom. This was a loose leaf record, and he inquired of the defendant what was the matter, and was informed that he was trying to put leaf 312 (this being the leaf upon which the deed in question was recorded) back into said deed record book 236. The defendant soon left, and he examined the record and found that this leaf had been freshly folded, and he immediately called the attention of Clarice Stanberry to the condition of the record and the changes that had been made in the record. That the word "Jr." had been placed immediately after the name "Grady W. Dowell", and the words "of Claremore" had

been erased so that the word "Jr." could be placed therein and the words "of Claremore" had been rewritten therein. A photostatic copy of the recorded deed is shown in the record, and the evidence of the change is easily detected therefrom. The evidence also reveals that the defendant returned to the office in about one hour and told deputy clerk Eaton not to think he had anything to do with the taking of this page out of the book. This same afternoon defendant went to the home of the county clerk, Oliver Hause, who lived in the country and who on account of sickness was not at the office on that date. He told Mr. Hause of the incident and of Mr. Eaton's seeing him with the record and loose leaf, and that he hoped that neither he nor the deputy would think he had anything to do with taking the leaf out of the record or making the change therein. The evidence also revealed that the whole of the office force soon came to the home of Mr. Hause with reference to the matter, but it is unnecessary to further refer to the record.

The defendant testified in his own behalf and denied making any change in the record. It will thus be noted that there was a direct conflict in the evidence. It is true that no one actually saw the defendant make the change in the record, but the circumstances as above stated, together with the proof of "motive" on the part of defendant to make the change, were amply sufficient for the submission to the jury of this question of fact. The court fully instructed the jury upon the question of circumstantial evidence, and the jury after considering the same found defendant guilty and assessed his punishment. It is true that the corpus delicti must be established as an independent fact, beyond a reasonable doubt, but it is not necessary that this proof be made by direct and positive testimony, but it may be established by cir-

cumstantial evidence, and certainly the evidence in this case was sufficient for the consideration of the jury and to cause them to find beyond a reasonable doubt that the change in the record was made by the defendant. Brown v. State, 9 Okla. Cr. 382, 132 P. 359; Frye v. State, 25 Okla. Cr. 273, 219 P. 722; Coppler v. State, 52 Okla. Cr. 275, 4 P. 2d 700. This was a question of fact for the jury to decide, and we are of the opinion that the court did not err in overruling the demurrer to the evidence and in refusing the motion of the defendant for a directed verdict.

It is also contended by defendant that the evidence was insufficient to prove the venue. An examinatioin of the record does not justify this contention. The witness W. M. Eaton testified that he was the deputy county clerk of Rogers county, Okla., and that the records of the county were kept in the county clerk's office, and that he saw defendant there, as heretofore related. This, with other evidence in the record, clearly establishes the fact that the crime, if committed, was committed in Rogers county, Okla., and was sufficient to establish the venue in this case.

The contention that the court did not instruct the jury on all of the law of the case cannot be upheld. In the first place, no exceptions were taken by defendant to any of the instructions given by the court and no requested instructions were asked by the defendant. We have carefully examined the instructions given by the court, and they were in every way proper and fully presented the issues involved for the determination by the jury.

The contenton, for the first time urged on appeal, that the court should have instructed the jury under the

terms of Oklahoma Statutes 1931, sections 2527 and 2528, O. S. A., Title 21, §§ 461 and 462, as included offenses, and which provide a lower penalty than the statute under which the defendant was charged, is clearly untenable. These statutes clearly show two entirely different offenses. It has often been held that the mere fact that the defendant might have been charged and tried under either of two distinct statutes would give the state the right to choose under which of the two statutes the prosecution should be maintained. State v. Bunch, 23 Okla. Cr. 388, 214 P. 1093; Severn v. State, 72 Okla. Cr. 141, 114 P. 2d 181.

We do not think that the crime charged under the above-cited statutes would be an included offense under the statute under which defendant was charged and tried.

For the reasons above stated, we are of the opinion that the judgment and sentence of the district court of Rogers county should be affirmed.

JONES and DOYLE, JJ., concur.