Joe Smith ROBINSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-16671.

Court of Criminal Appeals of Oklahoma.

Oct. 5, 1971.

Don Anderson, Public Defender, Carroll Womack, Asst. Public Defendant, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error..

BUSSEY, Presiding Judge:

Joe Smith Robinson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County of the offense of Grand Larceny, After Former Conviction of a Felony; his punishment was fixed at seven years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on October 2, 1970, Delmar Hanlon was employed as a salesman for John A. Brown Company. He testified that shortly after 10:00 a. m., his attention was directed to a man going out the door with slacks under his arm. The store security department was notified. Hanlon identified Exhibit One as slacks from the merchandise in stock at Brown's worth over $90.00.

Officer Raines, Oklahoma City Police Department, testified that he was patrolling near Brown's, and about 10:12 a. m. on the day in question he intercepted defendant in the unit block of north Robinson with five pairs of slacks under his arm.

Defendant did not testify, nor was any evidence offered in his behalf.

The first proposition contends that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Turner v. State, Okl. Cr., 479 P.2d 631.

The final proposition asserts that the punishment is excessive. We need only to observe that this is the defendant's fifth Felony conviction, and although the punishment imposed was the maximum provided by law, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

The record is free of any error which would require reversal or justify modification, and the judgment and sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.