**Billy Boy KNIGHT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17779.**

Court of Criminal Appeals of Oklahoma.

April 3, 1973.

Don Anderson, Public Defender, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

Appellant, Billy Boy Knight, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Case No. CRF–72–134, for the crime of Grand Larceny After Former Conviction of a Felony. He was sentenced to serve a term of seven (7) years in the state penitentiary in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

During the trial Flossie Ellen Paulson testified that on the morning of January 20, 1972, she, along with the defendant and Lee Anthony Ross, were riding in a car belonging to the defendant. She testified that the defendant remarked that they needed gas and that Ross said, "Let's go get some stuff," to which the defendant replied, "OK". They proceeded to the southwest part of Oklahoma City where Ross removed a battery, some copper tubing, and two gas welding bottles from a pickup not belonging to him and placed them in the back seat of the defendant's car.

They were proceeding to a filling station when Ross noticed a police car and had Miss Paulson duck down in the seat. After they reached the filling station Sergeant Maxwell of the Oklahoma City Police Department detained them. Miss Paulson testified that she told Sergeant Maxwell that the merchandise in the back seat of the defendant's car was stolen and she took him to the pickup from which they had taken the goods.

Sergeant Maxwell testified that he was driving west on Exchange Street in Oklahoma City when he met a car occupied by three persons. When they passed, he noticed that one of the occupants of the car ducked down as if attempting to hide. He followed the car into Field's filling station

where he observed the merchandise in the back seat of the defendant's car. He testified that he placed Ross and the defendant under arrest and that he called Officer Herdlitchkon to come to the scene and that when Officer Herdlitchkon arrived Maxwell took Miss Paulson to the place from which she said the items had been taken.

Officer Herdlitchkon testified that he, too, observed the merchandise in the back of the defendant's car. He testified that he asked the defendant and Ross where they had obtained the goods to which the defendant replied that they belonged to him.

Mr. Frank Dryden testified that on the night of January 19, 1972, he had parked his pickup containing two batteries, a roll of copper tubing, and two gas welding bottles, in front of his house. At approximately 4:15 a. m. on January 20, he was awakened by Officer Maxwell and that on investigation of his pickup found a battery, the copper tubing, and the gas bottles to be missing. He identified the gas bottles taken from defendant's car, worth in excess of $20.00, as the same ones which he had had in the back of his pickup.

Detective Denver Kirby of the Oklahoma City Police Department testified that on the morning of January 20, 1971, he questioned the defendant, after advising him of his *Miranda* rights. Kirby testified that the defendant told him that he had purchased the battery, tubing, and the gas bottles.

Mrs. Mary Paulson, mother of witness Flossie Paulson, testified for the defendant that she saw the defendant at the house of one Rose Hutchinson at about 12:20 a. m. on the morning of January 20, 1972, and that at some indefinite time later she saw the defendant's car leaving the house with three people in it.

The defendant testified that he had loaned his car to Ross sometime between 12:00 and 2:00 a. m. on the morning of January 20, 1972, and that Ross and Miss Paulson had left him at the Rustic Inn. The defendant testified that he remained there drinking coffee and walking around until about 3:45 a. m. when Ross and Miss Paulson picked him up. They then drove to the filling station where they were arrested. The defendant testified that he did not know about the goods in the back seat of his car and that he had never seen them there.

The defendant denied saying anything to the officers about the goods and he denied telling Detective Kirby that he had purchased the merchandise.

Evidence of the defendant's former felony convictions were stipulated to by the attorneys involved.

■ Defendant's first proposition urges that the evidence was not sufficient to support the verdict of guilty. Clearly the evidence involved was in conflict. We have held on numerous occasions that where the evidence is in conflict, but where there is competent evidence from which the jury could reasonably conclude that the defendant was guilty as charged, then the Court of Criminal Appeals will not interfere with that verdict. Disheroon v. State, Okl.Cr., 357 P.2d 236 (1960); Williams v. State, Okl.Cr., 373 P.2d 91 (1962); McDoulett v. State, Okl.Cr., 486 P.2d 654 (1971). Therefore, the defendant's first proposition of error is without merit.

■ Defendant's final proposition is that the sentence of seven years was excessive. Defendant was convicted of Grand Larceny After Former Conviction of a Felony which is punishable by a sentence of from five to ten years in the state penitentiary. Title 21 O.S.1971, § 1705 and 21 O.S.1971, § 51.

We have held that the question of excessiveness of punishment must be determined by all of the facts and circumstances in each case and that the Court of Criminal Appeals does not have the power to modify a sentence unless we can say that in light of the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Johnson v. State, Okl.Cr., 386 P.2d 336 (1963); Clouse v. State, Okl. Cr., 389 P.2d 1002 (1964); LaRue v. State,

Okl.Cr., 404 P.2d 73 (1965), Robinson v. State, Okl.Cr., 489 P.2d 1087 (1971). The sentence of seven years in the state penitentiary is clearly within the limits imposed by statute and is not so excessive as to shock the Court's conscience. Therefore, the defendant's final proposition is without merit.

For the above reasons the verdict of the trial court is affirmed.

BUSSEY and BRETT, JJ., concur.