**Marsie Lee WILLIAMS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–91.**

Court of Criminal Appeals of Oklahoma.

June 28, 1974.

**58**

Terry L. Meltzer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., James C. Peck, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Marsie Lee Williams, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–73–291, for the crime of Larceny of Merchandise from Retailer. Her punishment was assessed at two (2) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The evidence adduced at trial is essentially as follows: The State's first witness, Sue Wilson testified that on the 9th day of February, 1973, she was employed as a clerk for the clothing store of Gus Mayer in Tulsa, Oklahoma. She saw the defendant and another woman standing by a clothing rack and noticed the defendant put something into a bag. She stated that when she approached the defendant and the other woman and attempted to assist them, defendant fled from the store. She chased the defendant into the store parking lot, where the defendant entered an automobile occupied by another woman. Miss Wilson testified that when she arrived at the automobile, the defendant was in the back seat and that the sack the defendant was carrying in the store was also in the back seat of the automobile. She then stated that Officer Campbell, a security officer for Utica Square, then arrived at the automobile. The store manager, Bruce Pettibone, also arrived at the automobile, and at that time she re-entered the store. Miss Wilson further testified that she did not give the defendant permission to take the goods from the store.

The State's next witness, Bruce Pettibone, manager of the Gus Mayer store, testified that on the day in question he was notified that there were shoplifters in his store. He stated that he went outside the store and saw Sue Wilson standing beside an automobile with Officer Campbell. Mr. Pettibone discussed the situation with Officer Campbell and then returned to the store and called the police. He then returned outside and while talking with Officer Campbell, the defendant stepped from the automobile and grabbed a sack, dropped it on the ground, and kicked it under an adjoining car. Mr. Pettibone re-

trieved the sack from under the automobile and found inside it four coats from his store valued at $80.00 each, which he turned over to the police. Mr. Pettibone further testified that the Gus Mayer store was a retail operation and that he had not given the defendant permission to take the goods from his store.

Both witnesses for the State, Sue Wilson and Bruce Pettibone, testified that the sack which they saw in the defendant's possession was a large brown T G & Y sack.

The State then rested and defendant's Demurrer to the State's evidence was overruled, and the defendant then rested.

The defendant's first proposition of error urges that the evidence presented by the State was insufficient to show that the crime of Larceny of Merchandise from a Retailer was committed. The basis for the defendant's contention is that Sue Wilson, on cross-examination, could not be absolutely certain that the clothes she saw the defendant put into the bag were from Gus Mayer; thus, defendant contends the State was unable to show an unlawful taking took place.

However, this contention is contrary to the prior decisions of this Court. In McLeroy v. State, Okl.Cr., 380 P.2d 546 (1963), in the second paragraph of the Syllabus, we stated:

"The mere possession of property recently stolen is not sufficient to convict the possessor of Larceny or Burglary of it, but when the fact is supplemented with other facts inconsistent with the idea that the possession is honest, it then becomes a question of fact for the jury to pass upon the guilt or innocence of the defendant."

See also Gransbury v. State, 64 Okl.Cr. 408, 81 P.2d 874 (1938) and Ball v. State, Okl.Cr., 507 P.2d 1342 (1973).

The facts show that Sue Wilson could not make a positive identification of the type of clothing the defendant was in the act of taking; however, this fact alone does not erase the fact that there may have been an unlawful taking. Sue Wilson testified that she saw clothing being put into the sack by the defendant, although she could not identify the items of clothing. When Bruce Pettibone subsequently examined the contents of the sack which the defendant had removed from the store, and found four coats from his inventory, the unlawful taking was shown.

■ From these facts it is shown that defendant was in possession of stolen property. Although possession alone is not sufficient to convict for larceny, when this fact is supplemented with the testimony of Sue Wilson and Bruce Pettibone illustrating additional facts inconsistent with an honest possession of the goods, it becomes a question of fact for the jury to decide. This testimony certainly tended to connect the defendant with the commission of the crime and would be sufficient evidence to support the decision of the trial court. We, therefore, find this assignment of error to be without merit.

■ The defendant next argues that the evidence presented by the State was insufficient to establish the value of merchandise allegedly taken to be in excess of $20.00. This question of valuation is again a question of fact. In Morris v. State, Okl. Cr., 491 P.2d 784 (1971), this Court held:

"In a larceny prosecution the value of the property stolen must be proven as a fact and it is to be determined by the jury."

According to the evidence in this case, Bruce Pettibone testified that the first of four coats he saw in the T G & Y sack was worth $80.00. Mr. Pettibone then testified that the total value of the goods was $320.00. This testimony certainly establishes that the value of the coats exceeded $20.00, and the requirement of 21 O.S.1971, § 1731(D) is satisfied.

Having dealt with all of defendant's assignments of error, and finding nothing in the record which would require modification or reversal, the judgment and sentence is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.