**Carol Ann GRIFFIN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–461.**

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1975.

Ed McConnel, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Carol Ann Griffin, hereinafter referred to as defendant (along with co-defendant Gail F. Duncan who is not appealing), was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–73–2569, for the offense of Grand Larceny in violation of 21 O.S.1971, § 1701. The jury returned a verdict of guilty, leaving the question of punishment to the discretion of the trial court, which imposed a suspended sentence of three (3) years imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

Defendant was convicted of shoplifting some items of clothing from Cheryl's Fashions, a clothing store located in an Oklahoma City shopping center. Helen Johnson, the store owner, and Pauline Hancock, a sales clerk, testified for the State that the defendant and Gail F. Duncan came into the store together shortly after 4:00 p. m. on September 15, 1973, browsed around the clothing racks for a few minutes, and left separately, first Duncan and then defendant. As the defendant left, the sales clerk's attention was drawn to her purse, which "looked stuffed." Following her to the door, the clerk watched defendant go to a car parked outside, get in on the passenger side, and stoop over and engage in motions indicating that she was handling something on the floorboard. After defendant had left the car and walked to another part of the shopping center, the clerk observed through a car window, some of the store's merchandise on the floorboard. As she knew that neither of the women had paid for any merchandise before leaving the store, she returned inside and related her suspicions to Mrs. Johnson, who called the police. When Officer Byron Wood responded to the call a few minutes later, the two women had returned to their car and, upon observing the officer pull up in front of the store, drove off with Duncan driving the car, and the defendant sitting in the front passenger seat. At this point, Mrs. Johnson came out into the parking lot, pointed to the two women driving away, and told Officer Wood that they were the suspected shoplifters. The officer gave chase, with siren and red light, for about three blocks, finally bringing their car to a stop on Southwest 59th Street. During the pursuit, Officer Wood

noticed that the defendant ". . . kept bending over numerous times and appeared to [sic] some kind of jerking motions and as if she was handling something there at the floorboard of the front seat." (Tr. 63).

As Officer Wood got out of his unit a backup police unit containing Officers B. D. Enger and Mike Harmon, pulled up behind the two parked cars. Officer Enger testified that they noticed the passenger door on the suspect's vehicle open momentarily, leading them to suspect that an attempt was being made to dispose of evidence. A search of the car and area was not, however, conducted at that time. The officers informed the two women that they were suspected of shoplifting. The women readily agreed to return to the store. After Mrs. Duncan signed a search waiver, the officers conducted a search of the car which revealed a pair of slacks and a blouse, both of which were identified by the store owner and clerk as missing from their store. Their identification was particularly certain as to the blouse, which was the only one of its kind in the shop. Mrs. Johnson noticed upon examining the items that the merchandising tags had been torn out subsequent to their initial removal from the store. In this regard, the policemen testified that part of a tag was on the floorboard of the subjects' car, and larger portions of tags were found in the parking lot where the car had been parked and along the side of the road where Officer Wood had first stopped the subject and the backup officers had noticed the passenger door open. Mrs. Johnson also identified these tags, State's Exhibits 3 and 4, as being of the type used in her store. She also testified that the sale price of the slacks at the time of the offense was $16.00, and that of the blouse was $10.00, marked down from the normal retail price of $20.00, thus giving the items a total retail sale price of $26.00.

After the trial court refused defendant's Requested Instruction No. 1, dealing with the value of the merchandise, both sides rested and the case was submitted to the jury.

In his first assignment of error, defendant alleges error in the trial court's refusal of his requested instruction concerning the value of the merchandise taken. Defendant's Requested Instruction read as follows:

"You are instructed that the term $20.00 in value is based upon the actual value of the merchandise at the time of the alleged crime and that your findings of fact as to value are to be arrived at by virtue of your common knowledge of merchandising principals involving the difference between retail price and wholesale price the merchandise to the distributing merchant, and that the value for purposes of your determination is not restricted to the retail price on the date of alleged offense, but rather you may consider any other factors effecting the value of the merchandise."

Rather than give the above requested instruction, the trial court, using statutory language, instructed that Grand Larceny was "the taking of personal property accomplished by fraud or stealth and with intent to deprive another thereof when the property taken is of value exceeding Twenty ($20.00) Dollars."

Defendant claims that the store owner's testimony indicated that the items taken had a fluctuating value, dependent upon seasonal sales, and that of markup, and other business practices. Defendant further argues that in the face of this allegedly "inconclusive" evidence of value, the trial court should have instructed as to valuation with greater specificity, particularly since the store owner's $26.00 estimate of value was "very close to the $20.00 level dividing grand larceny from petty larceny." [Appellant's Brief].

 We decline to so hold, in line with our settled position set forth in Williams v. State, Okl.Cr., 524 P.2d 57 (1974) that in prosecutions for larceny of merchandise from a retailer, a store manager's testimony as to value is sufficient to establish, in conformance with the statutory require-

ment, that the value of the merchandise was in excess of $20.00.

 As the store owner's valuation was sufficient to establish the statutory amount, neither the fact that the estimate given by the store owner in the instant case exceeded the jurisdictional amount by only $6.00, nor the fact that the retail price was subject to seasonal fluctuation, renders the State's proof of valuation inconclusive. See Keith v. Territory, 8 Okl. 307, 57 P. 834 (1899), wherein it was held that the testimony of an expert witness that the item stolen would retail at between $20.00 and $25.00, with $20.00 being its lowest retail price at the time of the larceny, was sufficient to establish the statutory valuation for Grand Larceny. Thus, the premise of defendant's first proposition, i. e., that the State's evidence of valuation was inconclusive, is without foundation. It follows that defendant is also unjustified in demanding greater specificity in the instructions as to valuation. On the contrary, the instructions given adequately covered all issues relevant to the case, including that of valuation. We, thus, find defendant's first assignment of error to be without merit.

In his second assignment of error, defendant alleges that the trial court erred in overruling his Demurrer to the State's evidence. Without needlessly prolonging this opinion with a recitation of the facts, suffice it to say that the evidence of guilt, albeit circumstantial, was sufficient to support the jury's findings. See Cagle v. State, Okl.Cr., 507 P.2d 573 (1973), where, citing Coppler v. State, 52 Okl.Cr. 275, 4 P.2d 700 (1931), we pointed out that any or all of the elements of larceny may be established by circumstantial evidence. As we feel that the jury could reasonably have concluded from competent evidence that the defendant was guilty, we cannot interfere with the verdict on appeal. See Knight v. State, Okl.Cr., 508 P.2d 1117 (1973).

Having dealt with defendant's propositions of error, and finding them to be without merit, and finding nothing in the record which would justify modification or reversal, the judgment and sentence appealed from is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.